### Maskos *v.* American Steam-Ship Co.*

(*Circuit Court, E. D. Pennsylvania.* April, 1882.)

1. COMMON CARRIER—REPRESENTATIONS OF AGENT—THROUGH TICKET—LOSS OF LUGGAGE BY OTHER CARRIER OPERATING PART OF ROUTE.

   A steam-ship company, operating a line of ocean steam-ships from Europe to America, but selling through tickets from various points in Europe, is liable for the loss of a passenger's luggage by an independent carrier by whose vehicles it is transporting the passenger from the point where he purchased his ticket to the port of embarkation, if the passenger purchased his through ticket upon the faith of representations made by the steam-ship company's local agent, who sold the ticket, that the company undertook the safe carriage of such luggage over the whole route.

2. SAME—CONTRACT BY AGENT IN EXCESS OF AUTHORITY.

   In such case it is no defence for the company to show that the agent in making such representations exceeded his instructions.

Motion for New Trial.

This was an action at law brought to recover the value of a trunk. On the trial, before *McKennan,* C. J., the following facts appeared: Plaintiff purchased at Berlin, Prussia, from William Strecker, who advertised himself as agent of the American Steam-ship Company, a ticket from Hamburg to Philadelphia. Before paying his fare he received from Strecker a printed circular headed "American Mail Steam-ship Company, (American line,) carrying passengers regularly to Philadelphia, New York, Baltimore, and Boston. Leaves Hamburg every Friday and every second Tuesday. Tickets for the passage are issued by the authorized general agent, W. Strecker, in Berlin." The circular also contained printed conditions stating that the passage money included "complete free transportation and maintenance from Hamburg

*Reported by Frank P. Prichard, Esq., of the Philadelphia bar.

in the following way: (*a*) Passage per steam-ship to Hull. (*b*) Passage per train from Hull to Liverpool. The passengers arriving in Hull are taken care of by officers especially appointed for the purpose of transferring passengers to the first train that leaves for Liverpool. From the departure from Hamburg the passenger will have no expenses whatever for lodging or provisions until they arrive in America. * * * (*c*) Leave Liverpool with one of the regular equipped steamers of the American line." The circular also stated that "for unloading and transportation of baggage in Hull and Liverpool passengers have nothing to pay." Plaintiff testified that Strecker made verbal representations to him to the same effect as the statements in the circular; that he thereupon purchased from Strecker a ticket entitling himself and wife, with their luggage, to transportation by the American Steam-ship Company from Hamburg to Philadelphia; that he went to Hamburg and there received from the agent of the steam-ship company tickets to use on the steamer between Hamburg and Hull, and on the train between Hull and Liverpool; that his luggage reached Hull, and he there saw it placed on the train for Liverpool, but that at Liverpool the trunk, on account of which this suit was brought, was missing, and plaintiff sailed for America without it.

Defendant produced testimony to show that it did not operate or control the steam-ship line between Hamburg and Hull, nor the railroad between Hull and Liverpool; that Strecker was not a general agent of the company, but a local agent, and was also agent for various other steam-ship and railway lines, and that he had no authority to make the representations or issue the circular testified to by plaintiff.

The court charged the jury that if they were satisfied that the person selling the through ticket at Berlin was the agent of the defendant company, the latter were liable for any contract or representations he may have made binding the company as carriers over the whole route from Hamburg to Philadelphia.

The jury found a verdict in favor of the plaintiff for $222.60. Defendant moved for a new trial. The motion was argued before McKENNAN and BUTLER, JJ.

*Morton P. Henry* and *Henry G. Ward,* for motion:

No such contract as is alleged here arises from the sale of a through ticket. Lawson, Carriers; Hutchinson, Carriers; Redfield, Carriers. This contract is governed by the American law. Wharton, Confl. of Laws, § 471. The company were not responsible for loss by an independent carrier, nor could its

ticket agent at Berlin impose such liability upon it. *Najac* v. *Poston & Lowell Ry. Co.* 7 Allen 329; *Robinson* v. *Memphis & Charleston R. Co.* 9 FED. REP. 129.

*John Thompson Spencer, contra;*

The steam-ship company was bound by the contract made by its agent in the line of its business. *Balt. & Phila. S. Co.* v. *Brown*, 54 Pa. St. 77; *Railroad Co.* v. *Pratt*, 22 Wall. 123; *Harding* v. *Int. Nav. Co.* 39 Leg. Int. 150; *Railroad Co.* v. *Lockwood*, 17 Wall. 357. Defendant company having undertaken to perform an entire service, the other carriers employed by it were its agents, and not the agents of the plaintiff. *Bank of Ky.* v. *Adams Ex. Co.* 93 U. S. 174.

McKENNAN, C. J. It is very clear that there was evidence sufficient to submit to the jury as to whether the contract was made with the defendant to carry him and his baggage from Hamburg. If a part of the carriage was performed by other corporations, the plaintiff was justified in inferring that they were the agents of the defendant in the matter, not his agents. He had not made any contract with the subordinate carriers.

New trial refused.